E. L. THOMAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9213.   Promulgated February 24, 1927.

*Forrest Andrews, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

LITTLETON: The Commissioner determined a deficiency in income tax of $1,176.10 for the calendar year 1921, which petitioner claims is erroneous in so far as it results from the disallowance of a deduction from gross income of a debt of $8,700 alleged to have been determined to be worthless and charged off within the taxable year 1921.

FINDINGS OF FACT.

Petitioner is a resident and citizen of Knoxville, Tenn., where he is employed as southern manager of the Sullivan Machinery Co. On January 1, 1920, one C. A. Bray was indebted to petitioner in the amount of $6,000 for which petitioner held Bray's note for that amount, to which was attached 60 shares of the capital stock of the Thomas-Bray Co., an Ohio corporation engaged in selling automobile accessories. On October 20, 1920, Bray became further indebted to the petitioner in the amount of $2,700 for which he gave his promissory note in that amount, to which was attached as collateral 27 shares of the stock of the Thomas-Bray Co. These notes fell due in the latter part of 1920 and were not paid. Petitioner's efforts to collect the debts were unsuccessful. Bray was without funds or property from which petitioner could collect any portion of the amount due. All of Bray's assets other than the stock which the petitioner held as collateral to the notes had been taken over and sold by the other creditors, and, at the end of 1921, Bray was indebted in considerable amounts to persons other than petitioner. The 87 shares of stock which petitioner held as collateral to the notes were worthless at the end of 1921. Petitioner determined the debt of $8,700 to be worthless at the end of 1921 and charged off the same and deducted the amount thereof from gross income in his income-tax return for that year.

> *Judgment will be entered for the petitioner on 15 days' notice, under Rule 50.*